UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

MAY - 8 2024

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S2-4:23-CR-00470 MTS JMB |
| ) | |
| YU-CHIEH HUANG, ) | |
| LIANG JIN, ) | |
| KAIYU WEN, ) | |
| TSZ KAN, ) | |
| BOWEN CHEN, ) | |
| JIACHENG CHEN, AND ) | |
| VIANNE CHEN A.K.A. TINGTING T. ) | |
| CHEN, ) | |
| ) | |
| Defendants. ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT 1

(Conspiracy to Commit Wire Fraud, Mail Fraud, and Bank Fraud)

**A.    Introduction**

1. WeChat is a Chinese instant messaging, social media, and mobile payment app with over one billion monthly active users. Data from accounts registered using Chinese phone numbers is stored in mainland China while data from phone numbers registered in other countries are stored in the Netherlands or in Singapore.

2. Uber Technologies, Inc. ("Uber") is a San Francisco based company that, through their app, offers ride-hailing services throughout the United States and around the world.

3. Pop-up messages can be created by anyone seeking to engage the recipient and can be sent to a receiving computer's desktop and an individual's email.

4. In "tech support" fraud schemes, fraudsters often initiate contact with their victims through telephone calls, emails, or pop-up warnings on the victims' computer. To execute the schemes, scammers claim that their victims' computers are experiencing security issues, and offer to trouble-shoot the problems if they are given remote access to the victims' computer systems or if they are paid a fee. In other situations, the fraudsters claim that victims' computers contain child pornography or evidence of other illegal conduct and that the victims will need to pay to have the problem eliminated or to avoid criminal prosecution. Individuals engaged in tech support fraud scams often request payment through cash, prepaid cards, gift cards, crypto-currency, or a money transfer app because the funds obtained through those means are often impossible to recover.

5. Imposter scams involve fraudsters inducing their victims into revealing personal identifying information and paying fictitious fees and taxes while the fraudsters pretend to work with federally insured financial institutions, law enforcement and civil agencies such as the Internal Revenue Service, the Social Security Administration, and the Federal Trade Commission, or law enforcement organizations.

6. A telephone number is "spoofed" when the caller wants to mask their identity in order to be the telephone number of a legitimate business.

7. The Student and Exchange Visitor Information System ("SEVIS") is a web-based system that the United States Department of Homeland Security ("DHS") uses to maintain information regarding Student and Exchange Visitor Program certified schools, nonimmigrant students studying in the United States, and exchange visitor program sponsors and participants.

8. DHS assigns international students who are studying full-time in the United States a unique identifier that is referred to as a SEVIS ID or SEVIS number. The SEVIS ID or SEVIS

number is evidence of the United States government's authorization for the student to reside within the United States.

9. Once an international student is accepted into a program at a certified school, the school's designated school official will use the SEVIS ID to issue the student a Form I-20, "Certificate of Eligibility for Nonimmigrant Student Status."

10. Federally insured financial institutions will accept international passports and I-20 forms as proof of identification to open financial accounts.

11. At all times relevant to the indictment, Bank of America, Wells Fargo, U.S. Bank, and Chase Bank were financial institutions insured by the federal government through the Federal Deposit Insurance Corporation, within the meaning of 18 U.S.C. § 20.

**B.   Conspiracy**

12. Between on or about September 11, 2020, and continuing to on or about February 12, 2024, within the Eastern District of Missouri and elsewhere, the defendants,

**YU-CHIEH HUANG,
LIANG JIN,
KAIYU WEN,
TSZ KAN,
BOWEN CHEN,
JIACHENG CHEN, AND
VIANNE CHEN A.K.A. TINGTING T. CHEN,**

knowingly, voluntarily, and intentionally agreed to commit bank fraud, in violation of 18 U.S.C. § 1344, wire fraud, in violation of 18 U.S.C. § 1343, and mail fraud, in violation of Title 18, United States Code, Section 1341.

C. **Ways, Manner, and Means of the Conspiracy**

13. Defendant **TSZ KAN ("KAN")** registered USA You Yi Sheng Inc. as an education service business in the State of California.

   a. **KAN** serves as the Chief Executive Officer, Secretary, Chief Financial Officer, the agent for service of process, and sole member of the board of directors for USA You Yi Sheng Inc.

   b. The current business and mailing address for the business is **KAN'S** residence at 2936 Ridgecrest Circle, Chino Hills, California 91709.

   c. Telephone records for **KAN** and USA You Yi Sheng Inc list (626) 271-0332 as being issued to **KAN**.

14. Persons unknown to the Grand Jury mailed and shipped passports of Taiwanese citizens to Defendants.

15. **KAN** produced, and caused to be produced, counterfeit I-20 forms bearing SEVIS numbers that had not been authorized by DHS.

16. As part of **VIANNE CHEN's** employment with a branch of Chase Bank located in the Central District of California, **VIANNE CHEN ("V. CHEN")** opened financial accounts for customers of the federally insured financial institution.

17. **KAN, V. CHEN,** and persons known and unknown to the Grand Jury used the passports of Taiwanese citizens, who had never entered the United States, and counterfeit I-20 forms bearing the names of those individuals to open financial accounts at the Chase Bank branch employing **V. CHEN**. Specifically, **KAN, V. CHEN,** and persons known and unknown to the Grand Jury used fraudulently obtained identification information and the contact information of **KAN** to open student checking accounts and cause the issuance of the Chase Bank debit cards

listed below:

| IDENTITY | CONTACT INFORMATION | SEVIS NUMBER | CHECKING ACCOUNT NUMBER | DEBIT CARD NUMBER |
|---|---|---|---|---|
| G.C.C. | 2936 Ridgecrest Cir. Chino Hills, CA (626) 271-0332 | N0079324468 | xxxxx8169 | xxxx-xxxx-xxxx-7038 |
| W.C.T. | 2936 Ridgecrest Cir. Chino Hills, CA | N0058766532 | xxxxx0205 | xxxx-xxxx-xxxx-3335 |
| C.S.C. | 2936 Ridgecrest Cir. Chino Hills, CA (626) 271-0332 | N0097342319 | xxxxx6553 | xxxx-xxxx-xxxx-1003 |

18. **KAN, V. CHEN,** and persons unknown to the Grand Jury caused the delivery of debit cards issued in the names of G.C.C., W.C.T., and C.S.C. to 2936 Ridgecrest Circle, Chino Hills, California through the United States mails and private commercial interstate carriers.

19. Persons unknown to the Grand Jury targeted older adults living in the United States through electronic wire transmissions with tech support, romance fraud, and imposter schemes as the unknown individuals induced their victims to deliver large sums of currency to couriers who were dispatched to the victims' homes.

20. **YU-CHIEH HUANG ("HUANG"),** and others known and unknown to the Grand Jury, collected the sealed packages of currency from the targeted older adults.

21. Defendants **HUANG, LIANG JIN ("JIN"), KAIYU WEN ("WEN"), KAN, BOWEN CHEN ("B. CHEN"), JIACHENG CHEN ("J. CHEN"),** and others known and unknown to the grand jury were dispatched to hotels, parking lots, and other areas to collect large sums of currency concealed in cases, duffel bags, and other containers from individuals unknown to the Grand Jury.

22. Defendants **HUANG, JIN, WEN, KAN, B. CHEN, J. CHEN,** and others known and unknown to the grand jury used financial accounts opened in their names and the names of

5

others to convert the currency received from the fraud victims and from the unidentified individuals into cashier's checks made payable to G.L., S.P., and others.

23. Defendants **HUANG, JIN, WEN, KAN, B. CHEN, J. CHEN,** and others known and unknown to the grand jury deposited cashiers' checks funded by proceeds of fraudulent schemes and other illegal conduct into the Bank of America account ending in 8860 and into the Bank of America account ending in 6209 in the amounts listed herein:

| DEPOSITOR | DEPOSITING ACCOUNT | TOTAL AMOUNT OF DEPOSITS |
|---|---|---|
| **TSZ KAN** | xxxxx8860 | $440,000 |
| **BOWEN CHEN** | xxxxx8860 | $1,363,000 |
| **JIACHENG CHEN** | xxxxx8860 | $615,000 |
| Uncharged Depositors | xxxxx8860 | $4,551,290 |
| Uncharged Depositors | xxxxx6209 | $90,000 |

24. Through WeChat and interstate telephone calls, defendants **HUANG, JIN, WEN, KAN, B. CHEN, and J. CHEN** communicated with one another and other individuals known and unknown to the grand jury regarding (1) instructions for the collection of the currency, (2) transportation arrangements, (3) directions for the depositing of cashier's checks, and (4) verification of the completion of the assigned tasks.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 THROUGH 5

(Wire Fraud)

25. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

**B.** **The Scheme to Defraud**

26. It was part of the scheme and artifice to defraud that:

a. Between on or about August 18, 2021 and continuing to on or about August 9, 2023, defendant **HUANG** received wire communications from defendants **JIN and WEN** instructing him to travel throughout the United States and collect large sums of currency from fraud victims and unknown individuals.

b. Between on or about July 9, 2022 and continuing to on or about August 9, 2023, defendants **JIN** and **KAN** provided defendant **HUANG** with debit cards that were fraudulently issued in the names of C.S.C., W.C.T., and G.C.C.

c. Between on or about June 1, 2023 and continuing to on or about August 9, 2023, older adults residing in the Eastern District of Missouri and the federal judicial districts of Oregon and Colorado received electronic wire transmissions relative to tech support and imposter schemes.

d. Believing that their computers had been infected with pornography and that their financial accounts had been compromised, between on or June 1, 2023 and continuing to on or about August 9, 2023, the older adults withdrew large sums of money from their bank accounts and electronically transmitted images of boxes containing the currency and images of themselves to persons known and unknown to the Grand Jury.

e. Between on or about August 2, 2023, and on or about August 4, 2023, defendant **HUANG** electronically transmitted images of unsealed packages containing $40,000 he received from a fraud victim residing in Colorado and $47,000 he received from a fraud victim residing in Oregon, as well as images of the victims' neighborhoods.

f. Between on or about August 2, 2023, and on or about August 4, 2023, defendants **JIN** and **WEN** electronically transmitted instructions to Defendant **HUANG** to convert the fraudulently obtained currency into cashier's checks made payable to S.P.

g. Between on or about August 2, 2023, and on or about August 4, 2023, defendant **HUANG** used the identity of C.S.C. to convert the currency received from the Colorado and Oregon fraud victims to cashier's checks made payable to S.P.

h. Between on or about August 2, 2023, and on or about August 10, 2023, Defendants **JIN** and **WEN** arranged Uber rides for Defendant **HUANG** as he traveled between airports, the victims' homes, and various federally insured financial institutions.

i. On or about August 9, 2023, Defendants **JIN** and **WEN** electronically transmitted a flight itinerary to Defendant **HUANG** listing a flight from California to St. Louis, Missouri and the Eastern District of Missouri address of D.K. and L.K.

j. On or about August 10, 2023, Defendant **HUANG** electronically transmitted messages to Defendants **JIN** and **WEN** about his difficulty in collecting the sealed package from D.K. and L.K. as well as the distance between the home of D.K. and L.K. and the closest Chase Bank.

k. On or about August 10, 2023, Defendant **HUANG** possessed a Taiwanese passport in the name of C.S.C., Chase debit cards issued on fraudulently opened financial

accounts in the names of C.S.C. and W.C.T., and a Chase Bank checking deposit receipt in the amount of $40,000 dated August 2, 2023.

C. **The Wire Transmissions**

27. On or about August 10, 2023, in the Eastern District of Missouri and elsewhere, the defendants,

**YU-CHIEH HUANG,
LIANG JIN, AND
KAIYU WEN,**

being aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme to defraud, did cause to be transmitted, by means of interstate wire transmissions to We-Chat's servers which are located outside the State of Missouri, certain writings, signs, signals, pictures, and sounds, through a group chat among **HUANG, JIN, and WEN**, the following messages as summarized below:

| COUNT | DATE | AUTHOR | RECIPIENTS | MESSAGE |
|---|---|---|---|---|
| 2 | August 10, 2023 | **YU-CHIEH HUANG** | **LIANG JIN AND KAIYU WEN** | Shares the address of Missouri victims, L.K. and D.K., with **JIN** and **WEN** |
| 3 | August 10, 2023 | **KAIYU WEN** | **YU-CHIEH HUANG AND LIANG JIN** | Tells **HUANG** to use the alias "Jason" |
| 4 | August 10, 2023 | **YU-CHIEH HUANG** | **LIANG JIN AND KAIYU WEN** | Shares an image with **JIN** and **WEN** of a search for Chase Bank branches located in the St. Louis metropolitan area |
| 5 | August 10, 2023 | **YU-CHIEH HUANG** | **LIANG JIN AND KAIYU WEN** | Informs **JIN** and **WEN** that he is pressing the Missouri doorbell of victims L.K. and D.K. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

9

## COUNT 6

(Monetary Laundering)

28. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

29. Beginning at a time unknown, but including September 2020 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri, the Central District of California, and elsewhere,

**YU-CHIEH HUANG,
LIANG JIN,
KAIYU WEN,
TSZ KAN,
BOWEN CHEN, AND
JIACHENG CHEN,**

the defendants herein, did knowingly combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce, which transactions involving the proceeds of a specified unlawful activity, that is, to use interstate and foreign wires to execute a scheme and artifice to defraud, to conduct an unlicensed money transmitting service, and to fraudulently effect transactions with one or more access devices, knowing the transactions were designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 7

(Unlicensed Money Transmitting Business)

30. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

31. Between on or about September 11, 2020, and continuing to on or about February 12, 2024, within the Eastern District of Missouri and elsewhere, the defendants,

**YU-CHIEH HUANG,
LIANG JIN,
KAIYU WEN,
TSZ KAN,
AND
BOWEN CHEN,**

aided and abetted by others known and unknown to the Grand Jury, did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business in or affecting interstate and foreign commerce to any degree and which was operated without a license in the State of Missouri where such operation is required to be licensed and is punishable as both a misdemeanor and felony under Missouri law.

In violation of Title 18, United States Code, Sections 1960(a), 1960(b)(1)(A), and 2.

## COUNTS 8 THROUGH 14

(Fraudulently Effecting Transactions)

32. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

33. On or about the dates listed below, in the Eastern District of Missouri, the defendants identified herein, in a matter effecting interstate commerce, did knowingly and with intent to

defraud, effected transactions in an aggregate amount of $1,000 or more, through Bank of America account number xxxx8860:

| COUNT | DATE | DEPOSITORS | CASHIER'S CHECK NUMBER | AMOUNT |
|---|---|---|---|---|
| 8 | 6/29/2022 | TSZ KAN | 9676200195 | $170,000 |
| 9 | 3/28/2023 | BOWEN CHEN AND JIACHENG CHEN | 1173519317 | $110,000 |
| 10 | 3/28/2023 | BOWEN CHEN AND JIACHENG CHEN | 8372534329 | $60,000 |
| 11 | 3/28/2023 | BOWEN CHEN AND JIACHENG CHEN | 8376522418 | $70,000 |
| 12 | 4/20/2023 | BOWEN CHEN AND JIACHENG CHEN | 8372534500 | $95,000 |
| 13 | 4/20/2023 | BOWEN CHEN AND JIACHENG CHEN | 8376522490 | $90,000 |
| 14 | 8/10/2023 | KAIYU WEN, LIANG JIN, AND YU-CHIEH HUANG | Attempted Transaction | $88,000 |

All in violation of Title 18, United States Code, Sections 1029(a)(5), 1029(b)(1), and 2.

## COUNT 15

(Identity Theft)

34. The allegations set forth above are re-alleged and incorporated by reference as if fully set out herein.

35. On or about August 10, 2023, within the Eastern District of Missouri, the defendants,

**YU-CHIEH HUANG,
LIANG JIN,
KAIYU WEN,
TSZ KAN,
AND
VIANNE CHEN A.K.A. TINGTING T. CHEN,**

in a matter affecting interstate commerce, knowingly possessed, without lawful authority, the means of identification of another, that being the name, passport identification number, and debit card number of C.S.C., knowing that the means of identification belonged to another actual person, with the intent to commit, and in connection to the crimes of: bank fraud, in violation of Title 18, United States Code, Section 1344; access device fraud, in violation of Title 18, United States Code, Section 1029(a)(2); fraudulent misuse of immigration documents, in violation of Title 18, United States Code, Section 1546; forgery in violation of Missouri Revised Statutes 570.090; and forgery in violation of California Penal Code 470(a).

In violation of Title 18, United States Code, Section 1028(a)(7) and 2.

## **FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a), upon conviction of an offense of Title 18, United States Code, Section 1028, 1029, 1956, or 1960, or conspiracy to commit such offenses, as set forth in Counts 6 through 15, the defendant(s) shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses.

2. Subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses.

3. Pursuant to Title 18, United States Code, Sections 982(a)(2), upon conviction of an offense of Title 18, United States Code, Section 1341, 1343, or 1344, or conspiracy to commit such offenses, as set forth in Counts 1 through 5, the defendant(s) shall forfeit to the United States

of America any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses.

4. Subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such offenses.

5. Specific property subject to forfeiture includes, but is not limited to, the following:

a. $327,602.30 in funds seized from Bank of America account ending in #8860;

b. $2,035,326.31 in funds seized from Bank of America account ending in #7416;

c. $134,431.76 in funds seized from Bank of America account ending in #6209;

d. $2,912,201.61 in funds seized from Bank of America Private Bank account ending in #1831;

e. $60,000.00 in funds seized from JP Morgan Chase Bank account ending in #8620;

f. $349,904.90 in funds seized from East West Bank account ending in #4400;

g $1,029,032.53 in funds seized from JP Morgan Securities account ending in #1141.

4. If any of the property described above, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney


_____
TRACY L. BERRY, 014753 TN
Assistant United States Attorney